HENRY LANDES, Respondent, *v.* THE PACIFIC RAILROAD, Appellant.

1. *Carrier, common — Receipt, effect of.—* A receipt for goods, given in the usual form by a common carrier, implies an agreement to transport the goods to their destination if upon the carrier's line.

### *Appeal from Jackson Circuit Court.*

*I. N. Litton*, for appellant.

*H. B. Johnson* and *S. D. Twitchell*, for respondent.

BLISS, Judge, delivered the opinion of the court.

This suit was brought against defendant as common carrier for failing to deliver a box of goods shipped at Peoria, Ill., with other goods for Kansas City, Mo., and plaintiff recovered judgment for the value of the contents.

Landes v. The Pacific Railroad.

Plaintiff offered the deposition of the freight agent of the O. & M. Railroad, who testified that all the goods were delivered to the defendant at St. Louis, as by the following receipt, which he exhibited as the receipt of defendant:

"St. Louis, January 30, 1866.

"Received from the St. Louis Transfer Company (carrier No. 14), warehouse corner of Second and Carr streets, in good order, on board the Pacific R.R.

| Marks. | Articles. | Weight. |
|---|---|---|
| | 3 chairs. | |
| W. F. McL., | 1 bbl. | |
| Kansas City. | 1 cider. | 1800 |
| | 10 boxes. | |

Charges $25.40. ROBINSON."

The plaintiff testified to the shipment at Peoria, to the contents of the lost box and their value; that they were his property; that all the other boxes and goods were delivered to him at Kansas City; that he demanded the one in controversy, but the person who delivered the others told him it was missing.

In a motion for a nonsuit, and also when that was overruled, by instructions asked, defendant's counsel claimed:

1. That there was no evidence that the company ever received the goods, as the agency and handwriting of Robinson were not proved. The evidence showed that the freight agent of the O. & M. Railroad, who was constantly doing business with defendant, described the receipt as that of the Missouri Pacific Railroad, and defendant's freight agent at Kansas City in effect acknowledged the receipt of the shipment by delivering the other goods embraced in the same paper, and saying that the one sued for was missing.

2. That if the receipt is considered proved it is not a contract to carry, but a receipt simple. This paper is doubtless in the usual form, and implies an agreement to transport the goods to their destination if upon defendant's line. As common carrier only, it had no right to receive them for any other purpose.

3. That plaintiff was not the consignee, and it was not competent for him to demand them or sue for them. The consignee was not the owner of the goods and had no right to sue for them. When the plaintiff demanded the lost box, it would have been a

good excuse for not delivering it to him if it had been delivered to the consignee. But no such excuse was given, but one, on the contrary, wholly inconsistent with such delivery. The defense is purely technical and wholly without merit.

The judgment will be affirmed. The other judges concur.